**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSE RODRIGUEZ,<br>*Defendant.* | No. 3:18-cr-00090-7 (JAM) |

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

Jose Rodriguez is a prisoner of the Federal Bureau of Prisons ("BOP"). In light of the ongoing coronavirus pandemic ("COVID-19"), he moves under 18 U.S.C. § 3582(c)(1)(A)(i) for a reduction of sentence. I will deny the motion.

### BACKGROUND

On December 18, 2018, I sentenced Rodriguez principally to a term of 60 months after he pleaded guilty to conspiracy to possess with intent to distribute 28 grams or more of cocaine base. Doc. #223 at 1. The sentence imposed was the statutory minimum and below the recommended Sentencing Guidelines range in light of Rodriguez's extensive criminal history, which includes 23 convictions. Doc. #279 at 28, 30. Rodriguez has served slightly more than half of his sentence, and he is scheduled to be released on August 9, 2022. Doc. #453 at 1.

Rodriguez is 50 years old. *Id*. at 2. He has a body mass index ("BMI") of 29, which places him in the "overweight" category according to the Centers for Disease Control and Prevention's ("CDC's") guidelines and is slightly below the obesity range. *Ibid*.; Doc. #455-1 at 4. He also "suffers from hypertension and a prediabetic condition." *Ibid*; Doc. #455-1 at 4.

Rodriguez is currently incarcerated at FCI Schuylkill in Minersville, Pennsylvania, where he asserts the risk of a COVID-19 outbreak is high because social distancing is impossible in

1

prison, there is inadequate testing, officers no longer wear masks, and inmates are being transferred to FCI Schuylkill from other "hot spot" facilities. Doc. #445 at 2-3. FCI Schuylkill currently reports 89 active inmate cases and six active staff cases of COVID-19.[1] Rodriguez also notes that modifications to BOP procedures due to COVID-19 have prohibited visitation by friends and family, eliminated most programming, and restricted basic activities and movement, resulting in more "severe" and "oppressive" conditions of confinement than an ordinary sentence. Doc. #453 at 6-7.

In addition, Rodriguez argues that he "is no longer a danger to society," citing his "clean disciplinary record while incarcerated" in federal custody. *Id*. at 8; *see also* Doc #455-1 at 2. If he were released, he would reside with his girlfriend, help care for her disabled father, and try to find a job at a restaurant or in asbestos removal. Doc. #453 at 8.

Rodriguez moves for compassionate relief due to the "dangerous position [he is] now placed in, and the fact that for the past 6 months [he has] been undergoing harsh conditions of confinement." Doc. #445 at 5-6. The Government opposes Rodriguez's motion. Doc. #447. Rodriguez's counsel has filed a reply and supplemental memorandum on his behalf. Docs. #453, #455.

## DISCUSSION

Federal law—18 U.S.C. § 3582(c)(1)(A)(i)—allows a court to grant a prisoner's motion for sentence reduction if there are "extraordinary and compelling reasons" to do so. *See generally United States v. Brooker*, 976 F.3d 228, 231-34 (2d Cir. 2020). As relevant here, the statute directs courts to consider the following issues before granting any motion for sentence

---

[1] *See* Federal Bureau of Prisons, COVID-19 cases, available at https://www.bop.gov/coronavirus [https://perma.cc/F54P-NW2E] (last accessed December 10, 2020).

reduction. First, a court must consider whether the prisoner has satisfied the statute's mandatory exhaustion requirement. Second, a court must consider whether there are extraordinary and compelling reasons that might warrant a sentence reduction, such as a threat to a prisoner's health if he remains imprisoned. Third, notwithstanding any such extraordinary and compelling reasons, a court must consider whether in its discretion a sentence reduction is warranted in light of the purposes of sentencing under 18 U.S.C. § 3553.

Although there is no dispute that Rodriguez has exhausted his administrative remedies, I am not convinced that he has established that the threat to his health from COVID-19 is severe enough to warrant his release. To begin, there is no doubt that the COVID-19 pandemic is extraordinary, having killed more than two hundred fifty thousand people in the United States in recent months. I acknowledge that Rodriguez has health concerns due to his BMI of 29 and his diagnoses with prediabetes and hypertension. But as the Government notes, the CDC's current recommendations do not recognize a COVID-19 risk factor related prediabetes, and they state that individuals with a BMI in the "overweight" range or hypertension "*might* be at an increased risk for severe illness from the virus that causes COVID-19," not that they are in the category of persons who "*will* be at an increased risk."[2] *See, e.g.*, *United States v. Kelley*, 2020 WL 5633263, at *4 (D. Conn. 2020) (citing the CDC recommendations and noting that when hypertension diagnoses have contributed to findings of extraordinary and compelling reasons, the "prisoner has typically also had another serious health condition creating superordinate risk to COVID-19, resided in a BOP facility with a spreading COVID-19 outbreak, or had already served the majority of a lengthy sentence or was otherwise set to be released shortly"). Although it is

---

[2] Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), "People with Certain Medical Conditions," last updated December 1, 2020, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/V8UT-N9KB] (emphasis added) (last accessed December 10, 2020).

concerning that there are many active COVID-19 cases at FCI Schuylkill, Rodriguez has not shown that the risk he personally faces from COVID-19 while imprisoned is enough to constitute an extraordinary and compelling reason for his release from imprisonment.[3]

     I have also considered all of the sentencing factors under 18 U.S.C. § 3553. Rodriguez pleaded guilty to conspiracy to possess with intent to distribute 28 grams or more of cocaine base. Even prior to his most recent conviction, Rodriguez has an extensive criminal history with more than 20 criminal convictions over three decades, including multiple convictions for possession or sale of narcotics, as well as convictions for larceny, resisting arrest, and failure to appear, and his record of convictions have continued even after age 40. Doc. #218 at 12-18 (¶¶ 51-72). He also received more than 80 disciplinary infractions while an inmate in the custody of the Connecticut Department of Correction. *Id*. at 18-20 (¶ 73). While his clean disciplinary record in BOP custody is encouraging, in the past prison has not deterred Rodriguez from engaging in criminal activity after he has been released. On this record, I am not convinced that Rodriguez will follow the terms of his release or that he will refrain from engaging in more criminal activity if I were to release him at this time. The purposes of sentencing—including just punishment, protection of the public, and deterrence—would not be served by granting Rodriguez an early release from imprisonment.

---

[3] To the extent Rodriguez also seeks to raise a claim that his conditions of confinement are in violation of the Eighth Amendment's prohibition on cruel and unusual punishment, *see* Doc. #453 at 5-7, this Court does not have jurisdiction to prescribe the conditions of confinement at FCI Schuylkill, and any such constitutional challenge to the conditions of his confinement should be raised by way of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that names the federal prison warden as a defendant and that is filed in the U.S. District Court for the Middle District of Pennsylvania where FCI Schuylkill is located. *See Rumsfeld v. Padilla*, 542 U.S. 426, 446-47 (2004).

## CONCLUSION

For the reasons set forth above and for substantially the reasons stated in the Government's opposition memorandum, the Court DENIES the motion of defendant Jose Rodriguez for compassionate release. Doc. #445.

It is so ordered.

Dated at New Haven this 10th day of December 2020.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge